111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sergio RAMIREZ-ESTRADA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-3984.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 3, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Sergio Ramirez-Estrada (who we shall refer to as Ramirez as he does in his brief) appeals the Board of Immigration Appeals' (the "Board") denial of his motion to reopen his deportation proceedings. On September 14, 1984, the Immigration and Naturalization Service (the "INS") issued an order to show cause charging Ramirez with deportability under what was then 8 U.S.C. § 1251(a)(2) because he had entered the United States without inspection. At a hearing before an immigration judge ("IJ") on October 4, 1985, he applied for voluntary departure. The IJ found Ramirez deportable as charged and ineligible for voluntary departure. (A.R. 71-75.) Ramirez appealed this decision to the Board, which summarily dismissed the appeal. (A.R. 60.)
 
 
 2
 On November 28, 1995, Ramirez filed a motion with the Board to reopen his deportation proceedings in order to apply for adjustment of status, 8 U.S.C. § 1255(i), or in the alternative for suspension of deportation, 8 U.S.C. § 1254(a)(1). (A.R. 3.) The Board denied the motion to reopen. (A.R. 1.) The Board stated that Ramirez had waited until the "eleventh hour" to file his motion to reopen and that he had a history of immigration and criminal law violations. Id. The Board stated that it had considered the fact that Ramirez was married to a United States citizen and had custody of a child who was a United States citizen. Id. It then held that considering the totality of the circumstances it was exercising its discretion to deny Ramirez's motion to reopen. It is from this decision that Ramirez brings the instant appeal.
 
 
 3
 Ramirez claims that the Board, in denying his motion to reopen, denied him due process of law by considering matters not in the record. Specifically, Ramirez points to the Board's statement that Ramirez had two prior deportations and had entered the United States without inspection on three occasions, when the record only showed one instance of illegal entry and no prior cases of deportation. The Board also found that Ramirez had several convictions for drunk driving, while the record only indicated a single disposition in Wisconsin for causing great bodily harm while operating a vehicle under the influence and with a blood alcohol concentration of .10% or more. Ramirez also argues that the Board abused its discretion by not considering evidence that Ramirez had been steadily employed for most of the time since 1985.
 
 
 4
 After the parties had filed briefs in this case, the INS filed a motion to supplement the administrative record with its brief filed with the Board in opposition to Ramirez's motion to reopen. The INS asserts that this brief, which supplies information that the Board relied upon in reaching its decision (namely the prior deportations and illegal reentries as well as the several convictions for drunk driving), was part of the record before the Board and therefore was properly considered. On November 26, 1996, we informed the parties that we would address this motion at the same time that we ruled upon the merits.
 
 
 5
 Judicial review of agency actions should be based upon the "full administrative record" that was before the decisionmaker. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971). In the instant case, it is apparent that the brief and attachments that the INS has proffered in its motion to supplement the record were before the Board when it denied Ramirez's motion to reopen. In fact, in his opposition to the INS's motion to supplement the record, Ramirez does not dispute this; he only argues that it is unfair for the appellate court record to be supplemented after he has filed his brief and that the submissions were internally inconsistent.
 
 
 6
 We find Ramirez's opposition to the INS's motion to supplement the record to be completely without merit and part of a transparent attempt to persuade this court that the Board based its decision on matters not in the record before it when it is clear that these materials were before the Board and simply were omitted from the papers that were transmitted to this court. While it was the responsibility of the INS to send the entire record, Ramirez will suffer no prejudice if we grant the motion. The attorney who has filed this appeal also represented Ramirez before the Board on his motion to reopen and therefore was privy to the contents of the administrative record. Ramirez (through counsel) now argues that it would be unfair, after he filed his appeal in this court, to allow the record to be supplemented. To be sure, the thrust of his argument on appeal is that the Board considered matters that were not in the record before it. This argument loses its force once it has been shown that the matters claimed to be omitted from the administrative record were in fact included there and in this sense the petitioner comes up short. However, it was the petitioner (through counsel) who asserted an argument on appeal based upon what he knew was an inaccurate description of the proceedings. He cannot now claim that the rug has been pulled out from under him because the respondent has set the record straight. We grant the motion to supplement the record.
 
 
 7
 In that the matters that Ramirez claims the Board improperly considered on the ground that they were not in the record were in fact in the record, his due process claim is frivolous. The fact that the submissions were internally inconsistent merits only brief mention. There is documentary evidence that Ramirez had on two previous occasions entered this country without inspection and was ordered deported in each case. The discrepancy is in the fact that the one of the papers filed, titled "Record of Deportable Alien" and dated September 14, 1984, notes that on one prior occasion Ramirez was deported and that on one prior occasion he voluntarily departed. The Board concluded that Ramirez had been deported twice. Because this finding is supported by substantial evidence (i.e. although there was evidence that he was deported only once, there was sound evidence to support the conclusion that he was deported twice) it was within the Board's proper exercise of discretion. Drobny v. INS, 947 F.2d 241, 243 (7th Cir.1991).
 
 
 8
 In addition to his due process claim, Ramirez argues that the Board abused its discretion in denying his motion to reopen. He claims that it did so because in its ruling it did not mention the fact that he had been steadily employed for most of the period from 1985 to the present. We review the Board's determination for abuse of discretion irrespective of the underlying basis for the petitioner's claim for relief. INS v. Doherty, 502 U.S. 314, 323 (1992); Guan v. INS, 49 F.3d 1259, 1261 (7th Cir.1995).
 
 
 9
 The source of authority for reopening deportation hearings is 8 C.F.R. § 3.2, which states that "motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." (There is no corresponding statutory provision.) Doherty, 502 U.S. at 322; Guan, 49 F.3d at 1261. Here, Ramirez sought to have the Board reopen his deportation proceedings so that he could apply for adjustment of status or suspension of deportation. The Board assumed that he was eligible for the relief he sought but concluded, in the exercise of its discretion, that it would deny his motion to reopen. In reaching this conclusion, the Board noted the fact that Ramirez waited to the last minute to seek this relief. (We are not sure what the Board meant by the "eleventh hour" in that Ramirez was already subject to be physically removed from the country and was not facing any new deadline. Nevertheless, Ramirez waited from 1992 to 1995 to file a motion to reopen.) The Board also cited the fact that Ramirez had several criminal convictions and had illegally entered the United States three times. The Board stated that in making its decision it was aware that Ramirez's wife and child were United States citizens, but concluded that on balance the circumstances did not call for it to exercise its discretion favorably to Ramirez.
 
 
 10
 In reaching its conclusion, the Board did not abuse its discretion. Its order, while short, indicates that it reviewed the evidence in the record. The fact that the Board did not mention Ramirez's favorable employment history does not change our view. "The Board need not 'write an exegesis on every contention' raised by the petitioner...." Groza v. INS, 30 F.3d 814, 818 (7th Cir.1994) (quoting Akinyemi v. INS, 969 F.2d 285, 289 (7th Cir.1992)). It is sufficient that the Board's order allows the reviewing court to determine whether it has heard and evaluated the evidence. While his continued employment would seem to be a relevant positive factor, in light of the other evidence, both positive and negative, in the record, it was not so significant that the Board needed to make explicit mention of it. Given that the Board did not believe that Ramirez merited relief even though his wife and child were United States citizens, we do not see how his favorable employment history would have changed its decision. As such, the Board did not need to mention this factor even though it was in the record.
 
 
 11
 RESPONDENT'S MOTION TO SUPPLEMENT THE RECORD GRANTED AND PETITION DENIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)